**Samuel G. PAYTE, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 79–1601.**

United States Court of Appeals, Fifth Circuit.

Sept. 24, 1980.

---

1. *See* 21 U.S.C. § 812.

his 1968 tax liability for business income. However, under § 172(d)(4) of the Internal Revenue Code of 1954, 26 U.S.C. § 172(d)(4), only deductions "attributable to a taxpayer's trade or business" may be carried back to offset business income. The issue in this case is whether interest paid by the taxpayer on a promissory note is "attributable to [the] taxpayer's trade or business." Pursuant to an agreement between the partners in 1968, the proceeds of the promissory note were used to purchase the partnership interest of a deceased business partner, following his death in 1969. We hold that interest paid in such circumstances is not attributable to a taxpayer's trade or business within the meaning of § 172(d)(4).

AFFIRMED on the basis of the district court's opinion, 492 F.Supp. 518 (N.D.Tex. 1979).

Daniel L. Penner, Fort Worth, Tex., for plaintiff-appellant.

M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Act. Chief, App. Section, Ernest J. Brown, Jonathan S. Cohen, Attys., U. S. Dept. of Justice, Tax. Div., Washington, D.C., for defendant-appellee.

Before GOLDBERG, TATE and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

The taxpayer filed suit seeking a refund of assessed tax liability in the amount of $16,546.90, with additional interest of $3,242.97 and a penalty of $918.13. The district court granted the government's motion for summary judgment, and the taxpayer appeals.

The taxpayer attempted to carry back certain 1971 interest deductions to offset